IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Terrance Adams,

                Plaintiff,

v.

SCDC, and Broad River Medical,

                Defendants.

C/A No. 5:17-2594-JFA-KDW

**ORDER**

      Terrance Adams (Plaintiff), proceeding pro se and *in forma paperis* brings this negligence action against South Carolina Department of Corrections (SCDC) and Broad River Medical (collectively Defendants). Plaintiff is a state prison inmate at Lieber Correction Institution. Plaintiff alleges that unnamed medical personnel at Broad River Correctional Institution were "negligent" in their provision of medical care to him after he suffered a stroke. Plaintiff further alleges that Defendants forced him to sleep on a top bunk despite his disability. Plaintiff seeks punitive and monetary damages.

      The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation and opines that this Court should dismiss the Complaint without prejudice. (ECF No. 12). The Magistrate Judge found that Plaintiff's request for damages from SCDC is barred by the Eleventh Amendment to the United States Constitution. As to the remaining defendant, Broad River Medical, the Magistrate found that that Plaintiff's Complaint fails to state a plausible claim

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

under 42 U.S.C. § 1983. The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates such without a recitation.

The Plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on November 8, 2017. Plaintiff filed a Motion for Extension of time to object. On the same day the Court granted the extension, Plaintiff filed objections to the Report. On December 27, 2017, Plaintiff filed additional objections. On January 2, 2018 and January 24, 2018, Plaintiff filed letters to this Court. On February 14, 2018, Plaintiff filed a Motion for Pleading a Special Matter. This matter is ripe for review.

The Court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Furthermore, "general and conclusory objections that do not direct the court to a specific error in the Magistrate's proposed findings and recommendations" are not specific objections and do no warrant de novo review. *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982). Despite the sheer volume of memoranda filed, Plaintiff fails to make a specific objection to the Magistrate Judge's Report. Plaintiff cites to irrelevant rules and makes general statements about his case. Significantly, Plaintiff does not specifically point to any error in the Report. Therefore, de novo review is not warranted.

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation dismissing the Complaint without prejudice. (ECF No. 12).

IT IS SO ORDERED.

April 9, 2018
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge